IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JORDAN D. RICH,<br><br>                Plaintiff,<br><br>v.<br><br>JAMES M. WINDER, FNU HARRIS, SESLIE K. SISNEROS, CHRISTOPHER B. BERGER, DOES 1-5, and SALT LAKE COUNTY<br><br>                Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS<br><br><br>Case No. 2:14-CV-469 TS<br><br>Judge Ted Stewart |

       This matter is before the Court on a Motion to Dismiss for Insufficient Service of Process pursuant to Federal Rules of Civil Procedure 12(b)(5), 4(m), and 4(e), filed by Defendants Harris, Sisneros, and Berger. For reasons set forth below, the Court will deny Defendants' Motion.

## I.  BACKGROUND

      Plaintiff Jordan D. Rich ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action against Defendants James M. Winder, Seslie K. Sisneros, Christopher B. Berger, FNU Harris, and Salt Lake County ("Defendants") in this Court. On July 5, 2014, Plaintiff sent Defendants a Notice of Lawsuit and Request to Waive Service of Process. Defendants did not provide Plaintiff with a waiver within the prescribed time period.

      Thereafter, Plaintiff postponed filing a Motion for Service of Process until after he had completed his last semester of his undergraduate studies at the University of Utah. During this postponement period, Defendant Winder was re-elected as a Salt Lake County Sheriff. On or about January 14, 2015, approximately 197 days after the action was originally filed, Plaintiff

1

filed a Motion for Service of Process. On February 17, 2015, the Court dismissed Defendant Salt Lake County without prejudice from the action and ordered service be executed by the United States Marshal Service on the remaining Defendants at the address of the Salt Lake County Sherriff's Department. The United States Marshal Service, in accordance with this Court's instruction, executed service on March 16, 2015. The United States Marshal Service did so by delivering a copy of the summons and complaint to the Salt lake County Clerk's Office. Subsequently, Defendants Harris, Sisneros, and Berger filed this Motion.

## II. DISCUSSION

Defendants argue that Plaintiff did not attempt service of process until January 14, 2015. Thus, Defendants argue, Plaintiff failed to serve a copy of the summons and Complaint within the required 120 days after the Complaint was filed.[1] Further, Defendants argue that Plaintiff violated Rule 4(e) because the United State Marshal Service delivered Defendants' copies of the summons and Complaint to the Salt Lake County Clerk's Office when none of the Defendants had appointed the Salt Lake County Clerk to be their agent authorized to receive service of process.[2]

In opposition, Plaintiff argues that, despite his failure to execute service within 120 days, the Court still chose to issue its Order Granting Motion for Service of Process, which the Court had authority to do under Rule 4(m).[3] Plaintiff further argues that the Court failed to give notice to the Plaintiff of a pending dismissal of the action for failure to timely effect service pursuant to Rule 4(m) and, if the Court had given notice, Plaintiff would have shown good cause.[4] Plaintiff

---

[1] Docket No. 12, at 2.

[2] *Id.*

[3] Docket No. 14, at 3–4.

[4] *Id.* at 4.

also asserts that his postponement of service benefited all parties involved and, thus, the postponement constitutes sufficient good cause.[5] Finally, Plaintiff asserts that he, acting *in forma papueris*, relied on the Court to execute service and should not be punished for the incorrect service executed by the United States Marshal Service.[6]

Federal Rule of Civil Procedure 4(m) provides that Plaintiff must serve Defendants with the summons and the Complaint within 120 days after filing the Complaint.[7] "If a defendant is not served within 120 days after the complaint is filed," the Court must either "dismiss the action without prejudice . . . or order that service be made within a specified time."[8] However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."[9] Because an extension of time is mandatory when good cause is shown, "[t]he preliminary inquiry made under Rule 4(m) is whether the plaintiff has shown good cause for the failure to effect timely service."[10]

In order for a plaintiff to show good cause he "must show meticulous efforts to comply with the rule."[11] This means that a plaintiff's inadvertence, negligence, or ignorance of the rules will not constitute good cause for failure to effect timely service.[12]

---

[5] *Id.*

[6] *Id.* at 5–6.

[7] Fed. R. Civ. P. 4(m).

[8] *Id.*

[9] *Id.*

[10] *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995).

[11] *In re Kirkland*, 86 F.3d 172, 176 (10th Cir. 1996) (citing *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994)).

[12] *See Murphy v. City of Tulsa*, 556 F. App'x 664, 668 (10th Cir. 2014) (citing *Kirkland*, 86 F.3d at 176); *Despain*, 13 F.3d at 1439.

In this case, Plaintiff argues that his postponement of service constitutes good cause because he delayed service in order to both complete the last semester of his undergraduate degree and allow Defendant Winder to enter the general elections unencumbered by pending litigation.[13]  Plaintiff, however, has not shown meticulous efforts to comply with the rules.  To the contrary, Plaintiff intentionally chose to postpone service, despite the rules, until a time that more conveniently aligned with Plaintiff's own schedule.  Because there is no indication that Plaintiff attempted to follow the applicable rule, he has failed to show sufficient good cause warranting a mandatory extension of time.

However, Plaintiff's "failure to show good cause for a mandatory extension of time does not end the inquiry."[14]  "If the plaintiff fails to show good cause, the district court must still consider whether a permissive extension of time may be warranted."[15]  At such time, the Court may use its discretion to either dismiss the case without prejudice or grant a permissive extension.[16]  In making its determination, the Court considers several guiding factors.[17]  Most importantly, this Court must consider the fact that Plaintiff is proceeding *pro se* and *in forma pauperis* and, thus, requires the protection of the Court from possible consequences of confusion or delay that may result from Plaintiff's petition.[18]

Here, Plaintiff did bring this action *pro se* and *in forma pauperis* and the Court must take care to protect him from the consequences of confusion or delay.  Plaintiff asserts that he believed he was saving the Court time by postponing service, which he believed would avoid

---

[13] Docket No. 14, at 5.

[14] *Espinoza*, 52 F.3d at 841.

[15] *Id.*

[16] *Id.*

[17] *Id.* at 842.

[18] *Id.* & n.8.

both unnecessary requests for leave and arguments of inopportune timing.[19]  In addition, Plaintiff had requested a waiver of service from Defendants to which they apparently did not respond. Therefore, Plaintiff's failure to effect timely service likely was a result of his lack of legal knowledge and training and, therefore, this Court will grant a permissive extension.

Rule 4(e)(2) provides that Plaintiff may effect service by:

(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; (C) or delivering a copy of each to an agent authorized by appointment or by law to receive service of process.[20]

Generally, when a plaintiff desires to effect service on an agent of the defendant, the defendant must actually appoint the agent as an authorized receiver of service.[21]

In this case, Defendants argue that Plaintiff's attempt at service was incorrect because the summons and Complaint were delivered to an unauthorized agent, the Salt Lake County Clerk, rather than personally served upon each Defendant individually.  Because Plaintiff is proceeding *pro se* and *in forma pauperis*, he may rely on the United States Marshal Service to effect service of process on his behalf.[22]  Here, Plaintiff was not responsible for executing service on Defendant.  Rather, the United States Marshal Service performed service in accordance with the Court's instructions.  The Court ordered service on each Defendant at the Salt Lake County Sheriff Department, where they are presumably employed, in order to effectuate service. Instead, the summons and Complaint were provided to the Salt Lake County Clerk.  The Tenth

---

[19] Docket No. 14, at 5.

[20] Fed. R. Civ. P. 4(e)(2).

[21] 4A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1097 (3d ed. 2006) ("[A]ctual appointment for the specific purpose of receiving process normally is expected.").

[22] *See* 28 U.S.C. § 1915(d).

Circuit has held a plaintiff should not be punished for the mistake of the Court or the Marshal.[23] Because this error in service is not attributable to Plaintiff, the Court will deny Defendants' Motion to Dismiss for failure to effect service pursuant to Rule 4(e).

### III. CONCLUSION

It is therefore

ORDERED that Defendants' Motion to Dismiss (Docket No. 12) is DENIED.

DATED June 15, 2015.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[23] *See Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) ("Thus, the responsibility for the failure to serve Defendant . . . rests with the Marshal or with the district court, not with Plaintiffs.")